UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NICOLE MCQUEEN,

                                    Plaintiff,

                    -against-

THE STATE OF NEW YORK,

                                    Defendant.
------------------------------------------------------------------X

For Online Publication Only

**ORDER**
16-CV-4306 (JMA)(AYS)

**AZRACK, United States District Judge:**

On August 2, 2016, pro se plaintiff Nicole McQueen filed a complaint in this Court against the State of New York.  Accompanying the complaint is an application to proceed in forma pauperis.  The Court grants plaintiff's request to proceed in forma pauperis and sua sponte dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons that follow.

## I.    BACKGROUND

All material allegations in the complaint are assumed to be true for the purpose of this Order.  See Rogers v. City of Troy, 148 F.3d 52, 58 (2d Cir. 1998) (finding that when reviewing a pro se complaint for sua sponte dismissal, a court is required to accept all material allegations as true).

Plaintiff's brief complaint is submitted on the Court's general complaint form and discusses events that occurred in June 2009.   In her complaint, plaintiff alleges,

> I fell sick amongst a group of strangers.  I accidentally started a fire in my apartment.  A dog was left trapped in the house.  I called 911 to get help.  I think that my civil rights were violated and in the incriment years following the incident, I used my savings as best I could until I began receiving help from SSI as a source of income.

(Id. ¶ III.C.)   Although plaintiff has checked the box to allege that she seeks to invoke this Court's

federal question subject matter jurisdiction (see Compl. ¶ II.A), plaintiff has not included any reference to a federal Constitutional, statutory, or other federal right.  Rather, in the space that calls for the identification of the federal Constitutional, statutory, or treaty right at issue, plaintiff writes: "Being charged guilty for what I made sure to specify was an accident."  (Id. ¶ II.B.)

In the space on the form complaint that calls for the identification of any injuries suffered, plaintiff alleges: "I was put through strenuous amounts of suggested treatment options, located in dangerous places in their community and I was questioned about my health."  (Id. ¶ IV.)   For relief, plaintiff "want[s] the appeal court to hear my case.   The way I initially presented it in court with my lawyer.  I want the court to give me, by hearing me, the opportunity to gain justice for this accident that happened in the State of New York."  (Id. ¶ V.)

## II.   DISCUSSION

### A.   In Forma Pauperis Application

Upon review of plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee.  28 U.S.C. § 1915(a)(1).  Therefore, plaintiff's application to proceed in forma pauperis is granted.

### B.   Standard for Dismissal

Pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court must dismiss the action as soon as it makes such a determination.  28 U.S.C. § 1915A(b).

### 1.    Immunity

Pursuant to the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (citing Emps. v. Mo. Pub. Health & Welfare Dep't, 411 U.S. 279, 280 (1973)). "[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." Va. Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 254 (2011); see also Pennhurst State Sch. & Hosp., 465 U.S. at 101–02 (holding that the Eleventh Amendment bars both suits for damages and injunctive relief). The Supreme Court has held that the Eleventh Amendment gives a State immunity from suit, not just from liability. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, 506 U.S. 139, 144 (1993) (citation omitted). A State's sovereign immunity "affects . . . subject matter jurisdiction" and so, may be raised sua sponte. Atlantic Healthcare Benefits Trust v. Googins, 2 F.3d 1, 4 (2d Cir. 1993).

Plaintiff only names one defendant in her complaint—the State of New York. New York has not consented to suits brought under 42 U.S.C. § 1983 in federal court. Trotman v. Palisades Interstate Park Comm's, 557 F.2d 35, 38–40 (2d Cir. 1977). Furthermore, the Supreme Court has held that 42 U.S.C. § 1983 was not intended to override a State's sovereign immunity. Quern v. Jordan, 440 U.S. 332, 343–45 (1979). Thus, the Court concludes that plaintiff's complaint against the State of New York is barred by the Eleventh Amendment. Accordingly, the complaint is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).[1]

---

[1] The Court notes that plaintiff's complaint appears to challenge a state court criminal conviction for an event alleged to have occurred in 2009. It is well-established that the proper avenue for review of a state court criminal conviction is the filing of a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Such a petition is properly brought to challenge state custody resulting from, among other things, a conviction or sentence imposed in state court. A petition pursuant to 28 U.S.C. § 2254 has certain procedural requirements, including that a constitutional claim be properly exhausted in state court and brought within one year from the time the judgment of conviction becomes final in state court. 28 U.S.C. §§ 2244(d), 2254(b). Thus, even if the defendant were not immune from suit, the Court doubts plaintiff's civil complaint could provide relief from her state court criminal conviction.

**D.    Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."   Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).   Indeed, a pro se plaintiff who brings a civil rights action "should be 'fairly freely' afforded an opportunity to amend his complaint."   Boddie v. N.Y. State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)).   Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citation omitted).

Here, the Court has carefully considered whether plaintiff should be granted leave to amend her complaint.   Given that the deficiency in plaintiff's claim is substantive and would not be cured if given an opportunity to amend, leave to amend is denied.

## III.    CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted. However, plaintiff's complaint is dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B) because the State of New York, the only defendant named, is immune from suit.   The Clerk of the Court shall mail a copy of this Order to the pro se plaintiff and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated: December 19, 2016
Central Islip, New York

        /s/ (JMA) _____
        JOAN M. AZRACK
        UNITED STATES MAGISTRATE JUDGE